PARSONS, *Adm'r*, *v.* PARSONS, *Ex'x.*

A creditor's appeal from a commissioner's disallowance of his claim against an insolvent estate, under Gen. Laws, *c.* 200, cannot be entered after the adjournment of the next trial term of this court after the claim of the appeal.

MOTION, for leave to enter an appeal from the commissioner appointed by the probate court to examine and allow claims against the estate of George Parsons, which was settled in the insolvent course. The plaintiff's claim was disallowed by the commissioner, and he seasonably filed a petition for appeal and gave the required notice. By accident and mistake he failed to

enter the appeal at the next trial term of this court. After the term had adjourned he filed this motion, to which the defendant (the executrix of George Parsons's will) objected.

*James I. Parsons*, for the plaintiff.

*Thomas F. Johnson*, for the defendant.

CHASE, J. "Any creditor dissatisfied with the decision of the commissioner upon any claim by him exhibited may appeal therefrom by petition to the judge, filed in the probate office within thirty days after the acceptance of his report, and shall file therewith a declaration in proper form upon his claim." G. L., c. 200, s. 1. " The judge shall order the administrator to be served with a copy of the petition and declaration, and the creditor shall enter his action at the next trial term of the supreme court, and produce attested copies of the petition, declaration, and order of notice, and evidence of compliance with such order." *Sec.* 2. " If any creditor fails to enter his action, or to recover judgment therein, his demand shall be forever barred, and whatever was allowed by the commissioner shall be struck from the list of claims." *Sec.* 7. The phrase " if any creditor fails to enter his action " refers to the next trial term of the supreme court after the appeal is claimed. By these provisions the plaintiff's claim is forever barred, because of his neglect to enter his appeal seasonably. There is no provision for remedying such mistakes in respect to an appeal from a commissioner, as there is when they occur in taking an appeal from the probate court. G. L., c. 207, s. 7. The latter provision does not apply to the case of a person aggrieved by the decision of a commissioner. *Hilton* v. *Wiggin*, 46 N. H. 120. Neither does *s.* 1, *c.* 234, Gen. Laws, apply to a case of this kind. *Peabody's Petition*, 40 N. H. 342. In *Dyer* v. *Stanwood*, 6 N. H. 411, a suggestion is made that perhaps such a mistake as this may be remedied by entering the action at a subsequent term as of the first term after the appeal was claimed; but this was doubted by the same judge (*Parker*, C. J.) in *Smith* v. *McDaniel*, 15 N. H. 474, and cannot be adopted. It is the policy of the law to require the early settlement of estates of deceased persons, especially those settled in the insolvent course, and the statutes contain numerous provisions to that end, of which those under consideration are examples.

*Motion denied.*

CLARK, J., did not sit: the others concurred.